**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KARL GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-03990-TWP-DLP |
| | ) | |
| AFNI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendant Afni, Inc.'s ("Afni") Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 25). After Plaintiff Karl Glass ("Glass") failed to pay a consumer debt on a personal loan, Afni assumed the responsibility of collecting payment for the debt and sent a dunning letter to Glass for that purpose. Based on this dunning letter, Glass filed his Complaint against Afni, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") (Filing No. 1). Afni filed its Answer (Filing No. 14) and then moved for judgment on the pleadings (Filing No. 25). For the following reasons, the Motion for Judgment on the Pleadings is **granted**.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the Complaint and draws all inferences in favor of Glass as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Glass is a citizen of the State of Indiana, and he fell behind on paying his bills, including a consumer debt he owed for a personal loan. Afni is an Illinois corporation that operates a

nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. Afni attempted to collect from Glass the consumer debt for the defaulted personal loan. Afni tried to collect the debt by sending Glass an initial form collection letter, dated September 4, 2018 (Filing No. 1 at 1–2). The form collection letter is reproduced below:



(Filing No. 1-3.) The form collection letter also had a payment remittance stub, which is reproduced below:



*Id.*

On December 18, 2018, Glass initiated this action by filing his Complaint and attaching Afni's initial form collection letter. Glass's Complaint alleges that Afni violated Section 1692g(a)(2) of the FDCPA by not adequately identifying the current creditor to whom the debt was owed. In his Complaint, Glass alleges that Afni's letter—by naming multiple entities as the creditor with no explanation of the relationship between the named entities—would confuse the "unsophisticated consumer" as to the identity of the current creditor in violation of the FDCPA ([Filing No. 1](Filing No. 1)). On February 11, 2019, Afni filed its Answer and Affirmative Defenses ([Filing No. 14](Filing No. 14)), and then it filed its Motion for Judgment on the Pleadings on June 19, 2019 ([Filing No. 25](Filing No. 25)).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of

the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the Court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III. DISCUSSION

"Congress passed the FDCPA to 'eliminate abusive debt collection practices.' 15 U.S.C. § 1692. The FDCPA is liberally construed to achieve its purpose of protecting 'the unsophisticated consumer.'" *Hutton v. C.B. Accounts, Inc.*, 2010 U.S. Dist. LEXIS 77881, at *4 (C.D. Ill. Aug. 3, 2010) (quoting *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003)). Section 1692g(a) of the FDCPA prescribes the contents of a notice of a debt:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

4

> information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed . . . .

15 U.S.C. § 1692g(a)(2).

In his Complaint, Glass asserted a single claim against Afni for violation of Section 1692g(a)(2) of the FDCPA. Glass argues that the FDCPA protects the unsophisticated consumer, and Afni's collection letter would confuse an unsophisticated consumer as to the identity of the current creditor. Relying on *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996), Glass asserts that the Seventh Circuit has long held that the FDCPA's required disclosures must be stated clearly enough that recipients will likely understand them.

> Glass argues that the collection letter he received from Afni is confusing because,
>
> Defendant's letter stated that the "Creditor" was "AFFIRM OPERATIONAL LOANS III TRUST (Serviced by Affirm)", and further stated "Your AFFIRM OPERATIONAL LOANS III TRUST account has been referred to Afni, Inc. for collection". The letter then also stated that the "ORIGINAL CREDITOR" was "Cross River Bank". No explanation was given as to which of the entities named, Affirm Operational Loans III Trust, Affirm, or Cross River Bank, was the creditor to whom the debt was currently owed, nor what the difference was, if any, between the "creditor" and the "original creditor".

([Filing No. 34 at 2](#).) Glass asserts that, without an explanation about the relationship between the named entities and without an identification of the "current creditor," the collection letter is confusing and does not meet the FDCPA's requirement of clearly identifying the name of the current creditor to whom the debt was then owed.

Afni argues that judgment on the pleadings is appropriate because its debt collection letter clearly identified the current creditor in such a way that even an unsophisticated consumer would understand the identity of the current creditor. Afni asserts that, although courts view collection letters through the eyes of an unsophisticated consumer to determine whether the FDCPA is violated, the "unsophisticated consumer" is not a "dimwit," but rather he has a "rudimentary

5

knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009).

Afni explains that the collection letter identifies AFFIRM OPERATIONAL LOANS III TRUST as the "creditor" at the top of the letter, and directly across from that reference, in the body of the letter, it states, "Your AFFIRM OPERATIONAL LOANS III TRUST account has been referred to Afni, Inc. for collection." ([Filing No. 1-3 at 1](Filing No. 1-3 at 1).) At the bottom of the body of the letter, it identifies the "original creditor" as Cross River Bank. Afni argues the collection letter supports only one reasonable interpretation: the past due account was referred to Afni by the current creditor, Affirm Operational Loans III Trust. There can be no reasonable, genuine confusion that Cross River Bank is the original creditor and Affirm Operational Loans III Trust is the current creditor.

Both parties point the Court to numerous court decisions where other courts determined that the collection letters at issue either satisfied or fell short of the FDCPA's notice requirements. Each party distinguishes the facts of the other party's cited cases and points out similarities or differences in the other debt collection letters to support their positions in this case.

The Court recognizes that, "[w]hen § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. . . . To satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (internal citations and quotation marks omitted).

After reviewing the parties' arguments, their cited case law and those cases' collection letters, and most importantly the debt collection letter at issue in this case, the Court determines as

a matter of law that Afni's collection letter does not violate Section 1692g(a)(2) of the FDCPA. The letter lists at the top of the one-page document the "Creditor" as "AFFIRM OPERATIONAL LOANS III TRUST (Serviced by Affirm)." Directly across from this language, the letter states, "Your AFFIRM OPERATIONAL LOANS III TRUST account has been referred to Afni, Inc. for collection." At the bottom of the letter, Cross River Bank is identified as the "Original Creditor." The payment remittance stub identifies the "Creditor" as "AFFIRM OPERATIONAL LOANS III TRUST (Serviced by Affirm)."

The only reasonable interpretation of the collection letter is that "the name of the creditor to whom the debt is owed"—as required by 15 U.S.C. § 1692g(a)(2)—is Affirm Operational Loans III Trust. Although the letter does not use the phrase "current creditor," the letter identifies the original creditor as Cross River Bank and identifies the only other creditor as Affirm Operational Loans III Trust. The "basic logical deduction[] and inference[]" from the letter is that the only other listed creditor is the current creditor. *Wahl*, 556 F.3d at 645. The FDCPA does not require the explicit use of the phrase "current creditor." Afni's debt collection letter contains no internal contradictions or inconsistencies as to the debt owed or the creditor. Furthermore, the collection letter does not use other terms such as "client," "owner," "assignee," or "transferee" that could lead to confusion about the name of the creditor to whom the debt is owed. Because the Court concludes that Afni's debt collection letter satisfies the requirement of Section 1692g(a)(2) and could not confuse the unsophisticated consumer as to the name of the creditor to whom the debt is owed, Afni's Motion for Judgment on the Pleadings is **granted**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Afni's Motion for Judgment on the Pleadings ([Filing No. 25](Filing No. 25)). All other pending motions are **denied as moot**. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 10/28/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com

Justin M. Penn
HINSHAW & CULBERTSON LLP
jpenn@hinshawlaw.com